**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**GARY PAUL SALAMONE,**

   **Plaintiff,**

**VS.**                                    **Case No. 4:16cv274-RH/CAS**

**STATE OF FLORIDA ATTORNEY
GENERAL PAM BONDI,
and WILLIAM B. SCHULTZ,**

   **Defendants.**
_____/

## REPORT AND RECOMMENDATION

   Plaintiff, proceeding pro se, initiated this civil rights case under 42

U.S.C. § 1983 in this Court on May 10, 2016.  ECF No. 1.  Plaintiff paid the

filing fee at the time of case initiation.

   Plaintiff resides in San Diego, California and has sued the Florida

Attorney General, Pam Bondi, and William Schultz, General Counsel for

the United States Department of Health and Human Services.  *Id.*

Plaintiff's factual allegations do not demonstrate a basis for this case to

proceed in this Court.  No facts are presented which reveal any named

Defendant violated Mr. Salamone's constitutional rights.  Moreover, no

events giving rise to the claims raised occurred in this judicial district and,

thus, venue is not appropriate here.  *See* 28 U.S.C. § 1391.

In the instant complaint, Mr. Salamone references a prior case filed in

this Court, although he did not file a notice of a prior or similar case as

required by Local Rule 5.6.[1]  Mr. Salamone contends that President

Obama "has finally conceded the plaintiff's Constitutional point and that the

District Court should now grant the relief and award specified in Case

3:10cv412-LC-MD."[2]  ECF No. 1 at 3.  Mr. Salamone references comments

made by the President at the arrival ceremony for the Canadian Prime

Minister and asserts that those comments support his position that health

care "is not a privilege for a few but is now a right for all."  *Id.* at 3-4.

---

[1]  Rule 5.6 provides: "A party who files or removes a case must file a notice—and if the party fails to do so any other party with knowledge of the circumstances must file a notice—if:

> (A) a case in this District that includes an identical claim—or a similar claim—between some or all of the same or related parties was previously terminated by any means; or
> (B) the new case involves issues of fact or law in common with the issues in another case pending in the District.

N.D. Fla. Loc. R. 5.6.

[2] That case stemmed "from plaintiff's unsuccessful attempts to intervene in the challenge to the federal health care law pending in *Florida v. United States Department of Health and Human Services, et al.*, Case Number 3:10cv91/RV/EMT." ECF No. 5 of case #3:10cv412.  Case number 3:10cv412 was ultimately dismissed in January 2011 because Plaintiff never filed a complaint as ordered and did not pay the filing fee.  Thus, no relief or award was ever specified in that case.

Case No. 4:16cv274-RH/CAS

Mr. Salamone contends that the Patient Protection and Affordable Care Act discriminates against the uninsured.  *Id.* at 5.  He argues that "the individual insurance mandate is unconstitutional" and seeks an Order requiring "the U.S. Department of Health and Human Services to pay the plaintiff's monetary demand for $400,000 originally stipulated in Case 3:10cv412."  *Id.* at 6.

As noted above in footnote 2, no stipulation was entered in case number 3:10cv412.  That case was dismissed five years ago and provides no basis for relief in this case.

Moreover, no facts are alleged showing any basis to state a claim against Defendants Bondi or Schultz.  Mr. Salamone only states that in challenging the Affordable Care Act in a prior case, the Florida Attorney General did not raise the challenge that "we cannot Constitutionally be threatened with a fine or tax, much less fined or taxed, for lack of the health protection the Obama Administration now asserts is 'not a privilege for a few but is now a right for all.'"  *Id.* at 4.  That is not a sufficient basis to bring a lawsuit against Defendant Bondi, and there are no factual allegations asserted against Defendant Schultz at all.  Instead, the allegations are

aimed at the President and Congress.  Because the complaint fails to state

a claim against Defendants Bondi and Schultz, it should be dismissed.

Finally, Mr. Salamone's claim that it is unconstitutional to fine or tax

persons who do not have health insurance fails under the holding of Nat'l

Fed'n of Indep. Bus. v. Sebelius, 132 S. Ct. 2566, 2601, 183 L. Ed. 2d 450

(2012).  Although the Supreme Court held that the individual insurance

mandate was not a valid exercise of Congress's power under either the

Commerce Clause or the Necessary and Proper Clause, Sebelius, 132 S.

Ct. at 2589-93 (noting that "Congress the power to regulate commerce, not

to compel it" and rejecting argument that the mandate be sustained "as an

essential component of the insurance reforms."), the Court concluded that

the mandate was constitutional because the "Government does have the

power to impose a tax on those without health insurance."  Sebelius, 132

S. Ct. at 2601 (finding Section 5000A constitutional "because it can

reasonably be read as a tax.").  The claim presented in this case fails on

the merits and this case should be dismissed sua sponte.

Case No. 4:16cv274-RH/CAS

In light of the foregoing, it is respectfully **RECOMMENDED** that the

complaint, ECF No. 1, be **DISMISSED** for failure to state a claim upon

which relief may be granted.

**IN CHAMBERS** at Tallahassee, Florida, on June 10, 2016.


 s/     Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**



## NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 14 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**


Case No. 4:16cv274-RH/CAS