IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

GARY PAUL SALAMONE,

    Plaintiff,

v.                                              CASE NO. 4:16cv274-RH/CAS

STATE OF FLORIDA ATTORNEY
GENERAL PAM BONDI,
and WILLIAM B. SCHULTZ,

    Defendants.

_____/

## ORDER OF DISMISSAL

This case is before the court on the magistrate judge's report and recommendation, ECF No. 4, and the objections, ECF No. 5. I have reviewed *de novo* the issues raised by the objections.

A plaintiff may be entitled to notice and an opportunity to be heard prior to a dismissal on the court's own motion in circumstances like these. *See, e.g., Am. United Life Ins. Co. v. Martinez*, 480 F.3d 1043, 1069 (11th Cir. 2007); *Danow v. Borack*, 197 F. App'x 853, 856, 2006 WL 2671928, at *3 (11th Cir. 2006) (unpublished); *see also Jefferson Fourteenth Associates v. Wometco de Puerto*

*Rico, Inc.*, 695 F.2d 524 (11th Cir. 1983).  Here the report and recommendation gave the plaintiff adequate notice, and he had an opportunity to respond—and did respond—by filing objections.

The report and recommendation correctly concludes that the complaint fails to state a claim on which relief can be granted.

First, the plaintiff has sued the Attorney General of Florida and the general counsel of the United States Department of Health and Human Services.  Neither is a person against whom relief could be granted, even if the challenged federal statute—the Affordable Care Act—were unconstitutional.  The Attorney General once challenged the statute, but she does not enforce it, and she thus is not a proper defendant in an action of this kind.  HHS has a role in implementing the statute, but that does not make the agency's *general counsel* a proper defendant; the role of a general counsel is to provide legal advice to an agency's management, not to perform the duties of management.

Second, the plaintiff has not stated a claim on which relief could be granted on the merits, even against a proper defendant.  That some have advocated universal health insurance does not make it a constitutional right.  And, as the report and recommendation correctly notes, the Supreme Court has squarely rejected the assertion that the Affordable Care Act's individual mandate is

unconstitutional.  *See Nat'l Fed'n of Indep. Bus. v. Sebelius*, 132 S. Ct. 2566 (2012).

For these reasons,

IT IS ORDERED:

The report and recommendation is accepted.  The clerk must enter judgment stating, "The complaint is dismissed for failure to state a claim upon which relief may be granted."  The clerk must close the file.

SO ORDERED on June 26, 2016.

        s/Robert L. Hinkle
        United States District Judge